# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MICHAEL DOWDING,

   Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, et al.,

   Defendants.

Civil Action No.: RDB-21-1345

## MEMORANDUM

Plaintiff Michael Dowding filed the above-captioned Complaint on June 1, 2021, and paid the full filing fee. ECF No. 1. For the reasons stated below, the Complaint shall be dismissed.

Plaintiff alleges, pursuant to the Privacy Act and federal RICO statute, that following his unsuccessful candidacy to be a Special Agent with the Federal Bureau of Investigation ("FBI") in 2015, he has been subjected to an unlawful surveillance program. ECF No. 1 at 7. Plaintiff asserts this has included cellular phone tap, "audio/video," and federal tax audits; claiming that it has escalated since 2019 to "acts of domestic terrorism." *Id.* This includes surveillance by neighbors with advanced listening devices; harassment and intimidation by fake shoppers and employees at Wholefoods; being sold spoiled foods repeatedly at Wild Fresh Seafood; and psychological warfare attacks including numerous vehicles repeatedly driving by his home and strangers "repeatedly appearing/walking outside Plaintiffs home at exactly the same time he opens his garage to leave or to take the trash out for pick-up." *Id.* at 7, 10. He also asserts interference with his cellphone and home electronic devices, tampering with his vehicle, and being stalked and intimidated while working out near his home. *Id.* at 7-8. Specifically, Plaintiff claims the signal

to baby monitors in his home have been jammed, interfering with his and his partner's ability to care for their newborn. *Id.* at 8.

Plaintiff also maintains that Defendant Ranay B. Sommerville, who was hired as a nanny, "maliciously misrepresented herself" and is untrustworthy as she sought employment with Plaintiff under false pretense and now acts as a spy to "provide counter-intel of Plaintiff's home." *Id.* Additionally, he claims his small business has been targeted by Defendant Verizon, which allegedly permitted unlawful access and interception of Plaintiff's business data. *Id.* at 8-9.

Plaintiff states that he was hired by Defendant Science Application and Technology ("SA-TECH") on August 24, 2020, as the Cyber Site Lead, Subject Matter Expert. *Id.* at 9. Until his termination on January 29, 2021, Plaintiff claims he was subject to psychological warfare and was only hired so that he could be "probed, provoke [sic], discredited, verbally insulted, mistreated and maliciously terminated." *Id.* Specifically, he asserts that he was, "verbally belittled and insulted" in front of his peers and his peers ignored his emails, recorded him during meetings and tried to provoke him by disregarding his authority. *Id.* As a result of his termination, Plaintiff contends he has been unable to secure employment because he has been blacklisted, resulting in calls and emails from recruiters being rerouted or blocked. *Id.* He also contends that his unemployment benefits and federal tax returns have been unlawfully withheld, which he cannot rectify because he is being intentionally misinformed. *Id.* at 9-10. Plaintiff seeks injunctive relief. *Id.* at 11.

The Court has thoroughly examined the Complaint and finds that it is insufficient and does not comply with federal pleading requirements. Plaintiff's claims may not proceed because he has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A Complaint that is totally implausible, such as this, may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1).

*See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). Such lawsuits are subject to dismissal pursuant to the Court's inherent authority, even where, as here, Plaintiff has paid the filing fee. *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (lack of subject matter jurisdiction over obviously frivolous complaint is subject to dismissal); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same). Accordingly, as this Complaint has not satisfied federal pleading requirements, it will be dismissed WITHOUT PREJUDICE to refiling. A Separate Order follows.

____July 2, 2021_____         _____/s/_____
Date                                RICHARD D. BENNETT
                                    UNITED STATES DISTRICT JUDGE